Filed 1/11/21  Jones v. Raras CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DAVID DARYL JONES, | B303053 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. TC029151) |
| v. | |
| MARY JANE RARAS et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Affirmed.

David Daryl Jones, in pro. per., for Plaintiff and Appellant.

Mary Jane Raras, in pro. per., for Defendant and Respondent Mary Jane Raras.

No appearance for Defendant and Respondent Perry Wilson.

_____

David Daryl Jones sued his ex-wife Mary Jane Raras and her husband Perry Wilson for defamation. The trial court entered judgment in the defendants' favor, and Jones appeals. We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal consists of the trial court case summary, a minute order from the date of trial, a statement of decision, and forms pertaining to the filing of the appeal. We are limited in our ability to present the factual and procedural background of this matter. According to the trial court's statement of decision, Jones claimed Raras and Wilson defamed his character, resulting in the loss of Jones's relationship with his teenaged son William.

The court conducted a court trial on November 6, 2019. According to the statement of decision, Jones testified he and William had a good relationship when his son was younger, but William stopped speaking to Jones when he got older. Jones described an incident in which his telephone conversation with William ended abruptly, which Jones believed to be the result of Raras and Wilson speaking badly of him to William.

The statement of decision indicates Jones attempted to call William as a witness, but William did not appear in court. The court determined that although William had been served with a subpoena, neither Raras nor Wilson had been served with the subpoena as required by Code of Civil Procedure section 1987, subdivision (a) when the party to be subpoenaed is a minor. The court concluded it could not order William to appear at trial because Jones had not properly served the subpoena upon him.

Jones called Raras's daughter to testify. She denied hearing Raras or Wilson speak negatively about Jones, and William had never mentioned Raras or Wilson saying anything negative about Jones. Jones presented no further evidence.

The trial court concluded Jones had "failed to produce any evidence to support his claim for defamation against Defendants. At best, Plaintiff expressed a mere suspicion that one or both Defendants may have said something ill about him to William. In Plaintiff's view, there is no other explanation why William does not speak to him any longer. However, mere suspicion is not evidence. The fact that William no longer speaks to him, standing alone, does not provide the court with a sufficient evidentiary basis to support his claim for defamation. Accordingly, the court finds in favor of Defendants." Jones appeals.

## DISCUSSION

Jones makes three arguments on appeal: (1) the trial court erred when it set aside defendants' default; (2) the court precluded discovery when it rejected Jones's motion to compel responses to his request for admissions; and (3) the court prevented him from examining William because it failed to understand the service requirements for subpoenas directed to minors and it did not rule on the propriety of the service of the subpoena at the final status conference.

The record is insufficient to permit this court to review Jones's claims. "Appealed judgments and orders are presumed correct, and error must be affirmatively shown. [Citation.] Consequently, plaintiff has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff."

(*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)  The record on appeal does not include the motion to set aside the default, Jones's opposition to the motion to set aside the default, the court's ruling setting aside the default, the motion to compel responses to the request for admissions, the court's ruling on the motion to compel, the subpoena for William and the proof of service, or any record of the oral proceedings of the trial court on these subjects.  Without any record relating to the decisions Jones attempts to challenge, we are unable to review the basis of the court's decisions.  As Jones has failed to provide an adequate record on the issues he raises on appeal, we must resolve the issues against him.

## DISPOSITION

The judgment is affirmed.  Respondent Mary Jane Raras shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

BIGELOW, P. J.                    WILEY, J.

4